IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Alexander Otis Matthews, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:12cv294 (LO/TRJ) |
| ) | |
| Bill Parlucci Sobh, ) | |
| Defendants. ) | |

ORDER

Alexander Otis Matthews, a federal inmate proceeding pro se, has filed a civil rights action, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), which extends § 1983 liability to federal officials. Plaintiff seeks monetary damages for defamation, libel and slander allegedly perpetrated in a Victim Impact Statement filed in his criminal prosecution in the Eastern District of Virginia. Plaintiff has neither paid the statutory filing fee for this action nor applied to proceed in forma pauperis. After reviewing plaintiff's complaint, the claim against the defendant will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

1

Plaintiff, who is confined at the Federal Correctional Institution at Ft. Dix, New Jersey, alleges that he was involved with the defendant, a realtor, in a real estate transaction that soured. Subsequently, plaintiff was arrested as the result of "a separate matter" in Fairfax County, Virginia and prosecuted for wire fraud in United States v. Matthews, 1:11cr87 (LO). Defendant submitted a Victim Impact Statement in plaintiff's criminal prosecution in which he allegedly falsely portrayed plaintiff as a convert to Islam at the hands of Sheikh Mohammad Aoulaki, who before his death in an American drone strike was wanted by the FBI as a terrorist. Plaintiff contends that the information provided by defendant was libelous, defamatory and slanderous, and proved to be "highly and severely prejudicial" to plaintiff's criminal case. As relief, plaintiff seeks an award of $2,000,000 in compensatory and punitive damages.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

To state a cause of action under Bivens, a plaintiff must allege facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of federal law. See West v. Atkins, 487 U.S. 42 (1988). Thus, there are two fundamental deficiencies in plaintiff's complaint. First, defendant Sobh is not a federal actor and hence cannot be sued under Bivens. Moreover, even if defendant were amenable to suit under Bivens, a claim of defamation, libel or slander "is a tort actionable under the laws of most States, but [is] not a constitutional deprivation" and therefore "is not recoverable in a Bivens action." Simpkins v. Dist. of Columbia Gov't, 108 F.3d 366, 372 (D.C. Cir. 1997), quoting Siegert v. Gilley, 500 U.S. 226, 233 - 34 (1991). Therefore, plaintiff's complaint is subject to dismissal for failure to state a claim for which relief can be granted.

Lastly, in deference to plaintiff's pro se status, the Court notes that some of the allegations plaintiff makes here might call into question the validity of his sentence. Where, as here, a complaint attacks the fact or duration of confinement, the appropriate remedy is a writ of habeas corpus, not a claim in an action for damages. See Preiser v. Rodriguez, 411 U.S. 475, 487 (1973). See generally Wilkinson v. Dotson, 544 U.S. 74, 78-82 (2005) (summarizing the distinctions between § 1983 and habeas actions). The Supreme Court has held that a § 1983 damages claim

for unconstitutional imprisonment is not appropriate unless and until plaintiff's conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The same principle applies equally to suits brought pursuant to Bivens. See Omar v. Chasanow, 318 Fed. App'x 188, 2009 WL 693470 at *1 (4th Cir. Mar. 18, 2009) ("The rationale in Heck applies in actions under Bivens ...."); accord, Messer v. Kelly, 129 F.3d 1259 (table), 1997 WL 712811 (4th Cir. Nov. 17, 1997); Clemente v. Allen, 120 F.3d 703, 705 (7th Cir. 1997); Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995). The dismissal of the instant Bivens complaint does not preclude plaintiff from raising his claim of the validity of his sentence in a motion to vacate pursuant to 28 U.S.C. § 2255.

Accordingly, it is hereby

ORDERED that this action be and is DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g),[2] this dismissal may affect her ability to proceed in forma pauperis in future civil actions; and it is further

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation

---

[2] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Reform Act.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within sixty (60) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send of copy of this Order to plaintiff and to close this civil action.

Entered this \_\_11th\_\_ day of \_\_April\_\_ 2012.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge